UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Criminal Case No. 04-93 (RJL) |
| ) | |
| MATTHEW WEST,   ) | **FILED** |
| ) | |
| Defendant/Petitioner.   ) | JUN 0 8 2009 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM ORDER**
(June 8, 2009)

Petitioner Matthew West, a federal Bureau of Prisons inmate, has moved under 28 U.S.C § 2255 to vacate, set aside, or correct his sentence.[1] ("Def.'s Mot." [Dkt. #41].) In response, the government has moved to dismiss West's motion on the basis that it is time-barred. ([Dkt. #45].) For the following reasons, the Court will GRANT the government's motion and DENY West's motion.

## BACKGROUND

West was convicted on October 1, 2004 of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On March 24, 2005, this Court sentenced West to a 216-month term of imprisonment. (Judgment at 2 [Dkt.

---

[1] 28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

#29].) The United States Court of Appeals for the District of Columbia affirmed West's conviction on August 15, 2006. *United States v. West*, 458 F.3d 1, 14 (D.C. Cir. 2006). West subsequently filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on April 14, 2008. In his motion, West contends that he received ineffective assistance of counsel and that, at the time of his sentencing, he was not an Armed Career Criminal subject to a fifteen-year mandatory-minimum sentence under to 18 U.S.C. § 924(e). (Def.'s Mot. at 5.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner file a § 2255 motion within one year from the date on which the judgment of conviction becomes final, with certain enumerated exceptions.[2] 28 U.S.C. § 2255(f). A conviction becomes final when the U.S. Supreme Court "affirms a conviction on the merits on direct review or denies a

---

[2] The AEDPA requires that a petitioner file a § 2255 motion within one year of the later of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner provides no indication that any of exceptions outlined in subsections (2)-(4) apply in the present case, nor does that Court find any.

petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). In this case, petitioner did not file a petition for a writ of certiorari.[3] Therefore, petitioner's conviction became final ninety days after the U.S. Court of Appeals' judgment, or November 13, 2006, Sup. Ct. R. 13; 28 U.S.C. § 2101(c), and West's window to file his motion expired one year thereafter, on November 13, 2007. West, however, did not file his motion until April 14, 2008, five months after that critical statutory deadline. West's § 2255 motion is thus time-barred under the AEDPA.

West argues, however, that his § 2255 claim is preserved by equitable tolling because he mistakenly first filed his collateral challenge to his sentence in the U.S. Court of Appeals as a Motion to Recall the Mandate. (Def.'s Mot. at 6.) While it remains an open question in our Circuit whether a court may apply equitable tolling to the AEDPA's one-year statute of limitations, *United States v. Pollard*, 416 F.3d 48, 56 n.1 (D.C. Cir. 2005), if equitable tolling can apply, it would only apply if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (quoting *Calderon v. United States Dist. Court for the Central Dist. of California*, 128 F.3d 1283, 1288 (9th Cir. 1997)) (internal quotations omitted). Here, West makes no allegations that he made a good faith effort to file his § 2255 motion but was prevented from doing so in a timely

---

[3] Indeed, West contends that his counsel provided ineffective assistance for failing to file a petition for a writ of certiorari. (Def.'s Mot. at 5.)

3

manner by circumstances or events out of his control. Rather, West merely provides that he mistakenly failed to file the *correct* motion in a timely manner. A petitioner's "ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing." *See Cicero*, 214 F.3d at 203-04 (citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)); *see also Fears v. United States*, No. 06-86, 2006 WL 763080, at *4 (D.D.C. Mar. 24, 2006) ("Neither petitioner's self-acknowledged 'limited intelligence' nor his ignorance of the law . . . are sufficient to justify the extraordinary action of departing from the will of Congress as clearly expressed in § 2255."). Thus, West's failure to file the correct motion within the required one-year window cannot be categorized as an "extraordinary circumstance."

Accordingly, because West has not alleged any circumstances related to his untimely § 2255 motion so compelling as to warrant equitable tolling, and because West's motion was filed outside the one-year filing window, it is hereby

**ORDERED** that the government's motion to dismiss petitioner's motion under 28 U.S.C § 2255 to vacate, set aside, or correct his sentence is GRANTED; and it is further

**ORDERED** that the petitioner's motion under 28 U.S.C § 2255 to vacate, set aside, or correct his sentence is DENIED.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

4